IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH ROBINSON,

       Plaintiff,                         CIV 2:10-cv-2464-MCE-JFM (PS)

    vs.

JEFF CUNAN,

       Defendant.                     <u>ORDER</u>

_____/

       The court is in receipt of the following motions filed by plaintiff: (1) an ex parte motion for order to show cause, filed December 22, 2010; (2) an ex parte motion for recusal or remedy, filed December 22, 2010; (3) a motion to quash and request to rescind order, filed December 22, 2010; (4) a motion to recuse, filed December 29, 2010, and (5) a motion to enforce subpoenas, filed December 29, 2010. Upon review, THE COURT FINDS AS FOLLOWS:

1.    <u>Ex Parte Motion for Order to Show Cause</u>

       Plaintiff seeks a hearing on this court's November 16, 2010 order to show cause. Plaintiff is hereby advised that the matter is deemed submitted on the papers and this motion is denied. The hearing scheduled for January 13, 2011 at plaintiff's request is vacated.

/////

/////

2. <u>Ex Parte Motion for Recusal or Remedy</u>

Plaintiff seeks recusal of the undersigned, as well as a hearing on the court's order to show cause why this action should not be dismissed. For the reasons set forth below, plaintiff's request for recusal is denied. Also, as noted above, the order to show cause is submitted on the papers. Thus, a hearing will not be scheduled.

3. <u>Motion to Quash and Request to Rescind Order</u>

Plaintiff filed a motion to quash defendant's objections to his December 20, 2010 request for subpoenas and this court's December 22, 2010 motion denying the request. Plaintiff filed this motion based upon his subsequent compliance with the court order. Plaintiff's post-facto compliance with an order of the court does not necessitate the rescission of that order. Accordingly, this motion is denied.

4. <u>Motion to Recuse</u>

Plaintiff brings a motion scheduled to be heard on January 20, 2011 for disqualification of the undersigned pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455(a) and (b)(1).

Section 455 provides in relevant part:

(a) Any . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party . . . .

28 U.S.C. § 455(a), (b)(1).

The standard for recusal under 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." <u>Mayes v. Leipziger</u>, 729 F.2d 605, 607 (9th Cir. 1984) (quoting <u>United States v. Nelson</u>, 718 F.2d 315, 321 (9th Cir. 1983) ); <u>Ronwin v. State Bar of Arizona</u>, 686 F.2d 692, 700-01 (9th Cir. 1981), rev'd on other grounds sub nom. <u>Hoover v. Ronwin</u>, 466 U.S. 558

1  (1984).  The alleged prejudice must result from an extrajudicial source; a judge's prior adverse
2  ruling is not sufficient cause for recusal. <u>Mayes</u>, 729 F.2d at 607; <u>Toth v. TransWorld Airlines</u>,
3  862 F.2d 1381, 1388 (9th Cir. 1988).

4  Plaintiff seeks recusal for conduct that is not extrajudicial in nature.  Therefore,
5  recusal under section 455 is unwarranted.  The motion is denied and the hearing scheduled for
6  January 20, 2011 is hereby vacated.

7  5. <u>Motion to Enforce Subpoenas</u>

8  Plaintiff filed a motion scheduled to be heard on January 20, 2011 to enforce
9  subpoenas for Jeff Cunan, Ira Kaufman and Garrett Olney to appear at the hearing on
10 defendant's motion to dismiss, scheduled for January 27, 2011.  Plaintiff is advised that the
11 issuance of such subpoenas are improper because no testimony will be taken and no documents
12 will be entered into evidence at the hearing on defendant's motion.  The hearing will be limited
13 to a reasonable amount of appropriate argument related solely to defendant's properly noticed
14 motion.  The only persons who will be heard are defendant's counsel and the pro se plaintiff.
15 Therefore, the motion is denied and the hearing scheduled for January 20, 2011 is hereby
16 vacated.

17 DATED: January 3, 2011.

_UNITED STATES MAGISTRATE JUDGE_

/014;robi2464.jo