IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH ROBINSON,

    Plaintiff,                   No. CIV 2:10-cv-2464-MCE-JFM (PS)

    vs.

JEFF CUNAN,                      <u>ORDER AND</u>

    Defendant.              <u>FINDINGS & RECOMMENDATIONS</u>

_____/

          On February 17, 2011, the court held a hearing on defendant's motion to dismiss. Plaintiff appeared in pro per. Kristine Hall appeared for defendant. Upon review of the motion and the documents in support and opposition, THE COURT FINDS AS FOLLOWS:

                                FACTUAL AND PROCEDURAL HISTORY

          This matter was commenced against defendant Jeff Cunan on September 13, 2010. Plaintiff's suit is premised on claims of wrongful imprisonment, violation of plaintiff's right to assistance of counsel, and violation of plaintiff's right to present a defense to a jury. These claims stem from plaintiff's arrest on September 27, 2000 for possession of marijuana and the ensuing criminal action in Plumas County. Attached to plaintiff's complaint is a 298-paragraph affidavit delineating the sequence of events in the state court action, from the day of his arrest to the date on which the California Court of Appeal reversed plaintiff's conviction. At all times relevant hereto, defendant Cunan was the county prosecutor.

Upon review of plaintiff's complaint and examination of the court's files, the undersigned became aware of two actions previously filed by plaintiff in this court that were dismissed. See Robinson v. State of California (Robinson I), No. 2:04-cv-1888-GEB-DAD; Robinson v. Cunan (Robinson II), 09-cv-3045-GEB-KJN. The allegations and defendant in the instant complaint are substantially identical to plaintiff's complaint in Robinson II, which was dismissed with prejudice on May 10, 2010.[1]

On November 16, 2010, the court issued an order to show cause why this action should not be dismissed on res judicata grounds. On December 14, 2010, defendant Jeff Cunan filed a motion to dismiss, also on res judicata grounds.

## PLAINTIFF'S PRIOR CASES[2]

A.   Robinson v. State of California (Robinson I), No. 2:04-cv-1888-GEB-DAD

In Robinson I, plaintiff filed a complaint in this court against the defendant in the present action, Jeff Cunan, and nearly 20 other defendants, which sought relief in connection with plaintiff's wrongful conviction and imprisonment for "possession of marijuana for sale, transporting marijuana and offering to sell, furnish or give away marijuana, all while being armed with a firearm." Robinson I, Findings & Recommendations at 3 (Dkt. No. 82). The California Court of Appeal had previously reversed plaintiff's criminal conviction on the grounds that "plaintiff did not waive his right to the assistance of counsel at his preliminary examination and was erroneously denied appointment of counsel at that preliminary examination." Id. at 3 n.3. (taking judicial notice of the California Court of Appeal's decision). As recounted by the magistrate judge in Robinson I, Magistrate Judge Drozd, plaintiff's

---

[1] In addition to the instant action, plaintiff also has the following actions pending in this court: Robinson v. Plumas County, 2:10-cv-2948-JAM-DAD, and Robinson v. Drozd et al., 2:11-cv-0034-LKK-EFB.

[2] This summary of plaintiff's prior cases is adapted from Magistrate Judge Newman's March 17, 2010 order and findings & recommendations in Robinson II, which were adopted in full by the Honorable Garland E. Burrell on May 10, 2010.

operative second amended complaint contained headings that alleged the following: (1) "Conspiracy to Wrongfully Convict and Imprison Plaintiff"; (2) "Wrongful Conviction and Imprisonment"; (3) "Conspiracy to Violate Plaintiff's Right to be Free From Unreasonable Search and Seizure"; (4) "Violation of Plaintiff's Right to be Secure Against Unreasonable Search and Seizure; (5) Conspiracy to Violate Plaintiff's Right to the Assistance of Counsel"; and (6) "Violation of Plaintiff's Right to the Assistance of Counsel." Id. at 4-5 (noting, however, that additional, imprecise claims had been "sprinkled" throughout the operative complaint).

    Defendants filed a motion to dismiss, and Magistrate Judge Drozd issued findings and recommendations recommending, in relevant part, that defendants' motion be granted and that the second amended complaint be dismissed without leave to amend. Id. at 8. He found that, even after being granted leave to amend, plaintiff's operative complaint alleged claims in a manner that "the precise nature of the attempted claims . . . [was] unclear" and, as a result, failed to meet the "short and plain statement" requirement of Federal Rule of Civil Procedure 8. Id. at 4-5. In addition, he concluded that the operative complaint failed to state a cognizable claim because it "does not allege how the conduct complained of has resulted in the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. Id. at 5-6. Specifically as to Jeff Cunan, the defendant in the present action, Magistrate Judge Drozd further concluded that Cunan was entitled to prosecutorial immunity regardless of the state trial court's errors. Id. at 6. Finally, he recommended dismissal of a claim alleged under 42 U.S.C. § 1985 because plaintiff failed "to allege specific facts from which a conspiracy between defendants could be inferred." Id. at 7 ("Additionally, plaintiff's failure to allege a § 1983 deprivation of rights precludes a § 1985 conspiracy claim predicated on the same allegations.").

    The district judge in Robinson I adopted the findings and recommendations "in full" and entered judgment against plaintiff. Robinson I, Dkt. Nos. 85, 86. Plaintiff appealed the district court's order and judgment.

3

1    In relevant part, the Ninth Circuit Court of Appeals affirmed the district court's dismissal of plaintiff's claims against the prosecutors on the ground that the prosecutors "were entitled to absolute immunity, because they were performing functions intimately associated with the judicial phase of Robinson's criminal trial." Robinson II, 223 Fed. Appx. at 608 (citation and internal quotation marks omitted).  The Court of Appeals further held that the district court "properly concluded that Robinson failed to adequately allege that defendants conspired to violate his civil rights." Id.

B.    Robinson v. Cunan (Robinson II), 09-cv-3045-GEB-KJN

On November, 2, 2009, over two years after the United States Supreme Court denied certiorari in the earlier action, plaintiff filed his complaint in Robinson II, which consisted of a two-page document that included a prayer for relief, and an appended statement of facts.[3]  See Dkt. No. 1.  Magistrate Judge Newman found it difficult to discern what claims were alleged in the complaint, having finally concluded that plaintiff was alleging entitlement to a declaratory judgment with respect to the violation of his Sixth Amendment right to counsel in the state criminal proceedings.  Compl. at 1, ¶¶ 1-3.  He also appeared to request injunctive relief.  Id. at 2.  The initial, two-page portion of the complaint only related to plaintiff's wrongful conviction in state court.[4]

Attached to plaintiff's complaint was a fifteen-page "statement of facts" that purported to show how "Respondent Jeff Cunan and several other Plumas County court officers conspired to wrongfully convict and imprison [plaintiff] by violating [plaintiff's] right to counsel and a spectacular array of other intentional misconduct."  (Compl. at 4.)  This statement, which alleged facts in 298 paragraphs, alleged facts that began with plaintiff's arrest in 2000, recounted

---

[3] Unlike in his complaint in Robinson I, Plaintiff's complaint in Robinson II named a single defendant, Jeff Cunan.  (Compl. at 1.)

[4] The complaint also recognized that plaintiff previously sued defendant for damages in this court, that this court dismissed his case, that the Court of Appeals affirmed the dismissal, and that the Supreme Court denied certiorari.  (Compl. at 1, ¶ 10.)

4

1  plaintiff's wrongful conviction in the state courts, and concluded with the reversal of plaintiff's
2  conviction by the California Court of Appeal in 2003. (Id. at 4-18.) None of these factual
3  allegations referred to a present or then-current dispute between plaintiff and defendant despite
4  plaintiff's conclusory allegation that such a dispute existed. (Id. at 1, ¶ 1.)

5  On March 17, 2010, Magistrate Judge Newman recommended dismissal with
6  prejudice on res judicata grounds. Specifically, he found that there was an identity of claims
7  between Robinson I and Robinson II, the two suits arose from the same transactional nucleus of
8  facts, and the two suits involved the infringement of the same rights. The court then found that
9  there was a final judgment on the merits and there existed an identity or privity between the
10 parties. Magistrate Judge Newman did not find that defendant met his burden to demonstrate
11 issue preclusion. Nonetheless, defendant's motion to dismiss was granted with prejudice. See
12 Dkt. Nos. 14 and 17.

### STANDARDS

14  The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
15 sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.
16 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of
17 sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901
18 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to
19 relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct.
20 1955, 1974 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to
21 grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

22  In determining whether a complaint states a claim on which relief may be granted,
23 the court accepts as true the allegations in the complaint and construes the allegations in the light
24 most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.
25 United States, 915 F.2d 1242, 1245 (9th Cir. 1989).
26 /////

1         The court is permitted to consider material properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the complaint necessarily relies on them, and matters of public record. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001). Matters of public record include pleadings and other papers filed with a court. <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

## DISCUSSION

A.   <u>Res Judicata</u>

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." <u>Western Radio Servs. Co. v. Glickman</u>, 123 F.3d 1189, 1192 (9th Cir. 1997). The doctrine is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." <u>Id.</u> An identity of claims exists if the two actions arise out of the same transactional nucleus of facts. <u>Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes</u>, 323 F.3d 767, 770 (9th Cir. 2003).

   1.   <u>Identity of Claims</u>

Review of plaintiff's complaint in the present action and those filed in <u>Robinson I</u> and <u>Robinson II</u> leads the court to conclude that there is an identity of claims between the three actions. As discussed in <u>Robinson II</u>, the court examines "four factors to determine whether there is an identity of claims: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." <u>ProShipLine Inc. v. Aspen Infrastructures Ltd.</u>, 594 F.3d 681, 688 (9th Cir.

2010) (emphasis omitted).  "Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together." Id. at 688-89 (citations, quotation marks, and emphasis omitted).

Here, the undersigned finds that the three lawsuits arise from the same transactional nucleus of facts.  The claims and factual allegations at issue in Robinson I, Robinson II and those alleged here all relate to plaintiff's wrongful conviction in state court and, specifically, the alleged conspiracy to wrongfully deprive plaintiff of the assistance of counsel.  In fact, plaintiff's 298-paragraph affidavit in this action is practically identical to that filed in Robinson II.

Plaintiff argues in his response to the order to show cause and in his opposition to the motion to dismiss that this action should not be dismissed because no court has ever decided plaintiff's complaint on the merits.  (Resp. at 2; Opp'n at 1.)  As noted in Robinson II, plaintiff's admission of an identical factual predicate confirms that the three lawsuits arise from the same transactional nucleus of facts.

In addition, the rights and interests established in Robinson I and Robinson II would be destroyed or impaired by prosecution of the third action.  Robinson I and the resulting appeal concluded that plaintiff failed to adequately allege a conspiracy and that defendant was entitled to prosecutorial immunity in connection with plaintiff's wrongful conviction in state court.  Robinson II concluded that plaintiff claims were barred on res judicata grounds.  Permitting prosecution of the present suit, which raises these same issues, would plainly eviscerate the rights and interests established in Robinson I and Robinson II.

Furthermore, the three lawsuits involve the infringement of the same rights.  In all three actions, plaintiff alleged that he was deprived of the assistance of counsel in connection with his wrongful criminal conviction and that there was a conspiracy to effectuate that deprivation.

/////

Finally, as determined in Robinson II, although evidence was not submitted in Robinson I due to the fact that the action was dismissed at the pleading stage, the fact that the allegations at issue in the three actions are essentially identical demonstrates that substantially the same evidence would be presented relevant in all three actions.

Following review of the relevant factors, the undersigned concludes that Robinson I, Robinson II and this lawsuit present identical issues.

2.  Final Judgment on the Merits

As to the second claim preclusion element, the judgment in Robinson I, which dismissed plaintiff's complaint for failure to state a cognizable claim constitutes a "final judgment on the merits." The Ninth Circuit Court of Appeals has held that dismissals entered pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted is a "judgment on the merits" to which the doctrine of claim preclusion applies. Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002) (citing Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n. 3 (1981)); accord Gasho v. United States, 39 F.3d 1420, 1438 n.17 (9th Cir. 1994).

3.  Identity or Privity Between the Parties

Regarding the last element of the claim preclusion doctrine, there is no question that there is an identity of parties between the earlier actions and the present one. See Cell Therapeutics, Inc., 586 F.3d at 1212. Plaintiff and defendant were both parties to Robinson I and Robinson II.

At the February 17, 2011 hearing, plaintiff asserted that this case differs from Robinson I and Robinson II in that this case is criminal in nature rather than civil. However, it is a basic proposition of federal criminal law that the decision to file criminal charges is conferred solely on a public prosecutor. See United States v. Batchelder, 442 U.S. 114, 124 (1974); Johnson v. Wennes, 2008 WL 4960460 (S.D. Cal. 2008).

8

/////

Based on the foregoing, the undersigned concludes that the doctrine of claim preclusion applies to plaintiff's lawsuit and this action should be dismissed with prejudice.

B. <u>Plaintiff's Motions</u>

    1. <u>Motion to Recuse the Undersigned</u>

On January 3, 2011, plaintiff filed a second motion to recuse the undersigned. Plaintiff's first motion, filed December 29, 2010, was brought pursuant to 28 U.S.C. §§ 455(a) and (b)(1) and was denied on January 4, 2011. Plaintiff's second motion is also brought pursuant to 28 U.S.C. §§ 455(a) and (b)(1) and is premised upon the theory that the undersigned "has been trying to protect Defendant from Plaintiff's felony complaint by interposing highly questionable procedural hurdles . . . ." Dkt. No. 40 at 1. For the reasons set forth in the January 4, 2011 order, this motion will be denied.

    2. <u>Motion for Warrant</u>

Also on January 3, 2011, plaintiff filed what he called a motion for warrant. Plaintiff contends defendant conspired with others to wrongfully imprison plaintiff "by violating his right to the assistance of counsel, his right to present a defense to the jury and a spectacular array of other obviously intentional misconduct." <u>See</u> Dkt. No. 42 at 1. There is no basis upon which to grant this motion. Therefore, it will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to recuse is denied;

2. Plaintiff's motion for warrant is denied;

3. All hearings in this matter are vacated; and

IT IS HEREBY RECOMMENDED that

1. Defendant's motion to dismiss be granted; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 23, 2011

UNITED STATES MAGISTRATE JUDGE

014;robi2464.mtd