IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH ROBINSON,

      Plaintiff,                    CIV 2:10-cv-2464-MCE-JFM (PS)

   vs.

JEFF CUNAN,

      Defendant.                 <u>ORDER</u>

_____/

       Judgment was entered and this case was closed on May 6, 2011 following the Honorable Morrison C. England's adoption in full of the undersigned's February 23, 2011 findings and recommendations recommending that defendant's motion to dismiss be granted with prejudice on res judicata grounds. On May 5, 2011, defendant filed a motion for attorneys' fees pursuant to 42 U.S.C. § 1988. Plaintiff opposes the motion.

DISCUSSION

       Section 1988 provides, in pertinent part: "In any action or proceeding to enforce a provision of section[ ] . . . 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). To be considered a "prevailing party," a party must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Farrar v.

1

Hobby, 506 U.S. 103, 109 (1992) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1160 (9th Cir. 2000).    "[A] plaintiff should not be assessed his opponent's attorneys' fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 422 (1978).

      Defendant asserts attorneys' fees are warranted because plaintiff's claims are frivolous. Per defendant, plaintiff should have known that this action was frivolous because plaintiff's two previously filed actions against this same defendant on the same grounds were barred by res judicata, and the claims asserted therein were found to be not cognizable. Defendant seeks attorneys' fees in the amount of $15,456.00.

      In his opposition, plaintiff does not challenge the merits of defendant's motion. Rather, in his brief opposition, plaintiff claims the request for attorneys' fees is premature in light of a then-pending appeal to the Ninth Circuit Court of Appeals. On June 10, 2011, however, plaintiff's appeal was dismissed due to plaintiff's failure to respond to a court order. See Doc. No. 63. Plaintiff submits no other argument in opposition to defendant's request.

      Upon consideration, the court finds that defendant is the prevailing party because his motion to dismiss was granted with prejudice. The court further finds that plaintiff was clearly on notice that his claims were frivolous and barred on res judicata grounds following dismissal of his second suit in this court, case no. 09-CV-0345-GEB-KJN. Accordingly, defendant is entitled to attorneys' fees.

      Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart. See Fischer v. SJB–P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526

F.2d 67, 70 (9th Cir. 1975), which have not already been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).

> The factors the Ninth Circuit articulated in Kerr are:
>
> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar calculation. See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the "lodestar" is presumptively reasonable. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 ( stating that the lodestar figure should only be adjusted in rare and exceptional cases).

The court has reviewed the Kerr factors and finds that the fees sought by defendant are reasonable.  Nonetheless, an adjustment is necessary in light of plaintiff's financial resources.  Plaintiff, however, is forewarned that the initiation of yet another suit against this same defendant on similar, if not identical, grounds, will constitute bad faith and may be grounds upon which to grant without modification a similar request filed pursuant to 42 U.S.C. § 1988, notwithstanding plaintiff's financial resources.

/////
/////
/////

Accordingly, IT IS HEREBY ORDERED that defendant's May 5, 2011 request for attorneys' fees is partially granted. Plaintiff shall pay to defendant $7,728.00 within thirty (30) days from the date of this order.

DATED: February 9, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;robi2464.att_fees