IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH ROBINSON,

        Plaintiff,                      CIV 2:10-cv-2464-MCE-JFM (PS)

     vs.

JEFF CUNAN,

        Defendant.               ORDER

_____/

        Pending before the court is plaintiff's motion for reconsideration of the undersigned's February 9, 2012 order partially granting defendant's motion for attorneys' fees and directing plaintiff to pay to defendant $7,728.00. In the instant motion, plaintiff contends he is unable to pay any amount ordered. Defendant opposes plaintiff's motion on the ground that plaintiff has not presented any new information.[1]

        A basic principle of federal practice is that courts generally refuse to reopen decided matters. Magnesystems, Inc. v. Nikken, 933 F. Supp. 944, 948 (C.D. Cal. 1996). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and

---

[1] In defendant's request for leave to file an opposition, attorney Kristina M. Hall avers that she has not received electronic case filing notices in this and other cases that she handles with attorney Terence Cassidy and that are filed in the Eastern District of California. Doc. No. 68, ¶ 3. The undersigned has reviewed this case and notes only that Ms. Hall is not listed an Attorney of Record on the docket.

1  conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). A
2  reconsideration motion "should not be granted absent highly unusual circumstances." McDowell
3  v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999), cert. denied, 490 U.S. 1059 (1989). A
4  reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new
5  theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"
6  See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2nd Cir. 1998). "A party seeking
7  reconsideration must show more than a disagreement with the Court's decision, and
8  recapitulation of the cases and arguments considered by the court before rendering its original
9  decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134
10 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must
11 set forth facts or law of a strongly convincing nature to induce the court to reverse its prior
12 decision." Id. at 1131.

13        Reconsideration is appropriate if the court: (1) is presented with newly discovered
14 evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is
15 presented with an intervening change in controlling law. School District 1J, Multnomah County
16 v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994). There
17 may be other highly unusual circumstances warranting reconsideration. Id. at 1263. Denial of
18 reconsideration is reviewed for abuse of discretion. Id. at 1262.

19        A motion for reconsideration is restricted and serves "a limited function: to
20 correct manifest errors of law or fact or to present newly discovered evidence." Publisher's
21 Resource, Inc. v. Walker Davis Publications, Inc., 762 F.2d 557, 561 (7th Cir. 1985) (quoting
22 Keene Corp. v. International Fidelity Ins. Co., 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd,
23 736 F.2d 388 (7th Cir. 1984) (italics in original)); see Novato Fire Protection Dist. v. United
24 States, 181 F.3d 1135, 1142, n.6 (9th Cir. 1999), cert. denied, 529 U.S. 1129 (2000).
25 Reconsideration "may not be used to raise arguments or present evidence for the first time when
26 they could reasonably have been raised earlier in the litigation." Kona Enterprises, Inc. v. Estate

of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).  Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." See Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990).  Under this court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Here, the court previously considered plaintiff's indigence when ruling on defendant's motion for attorney's fees.  Plaintiff has not presented any new or newly discovered arguments.  Accordingly, plaintiff's motion will be denied.

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration is denied.

DATED: July 12, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/014;robi2464.att_fees.recons